**Ragav MALHOTRA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–71758.

United States Court of Appeals, Ninth Circuit.

Submitted July 11, 2005.*

Decided July 15, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Inna Lipkin, Esq., Law Offices of Inna Lipkin, Redwood City, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Ian R. Conner, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: SCHROEDER, Chief Judge, RAWLINSON and BYBEE, Circuit Judges.

## MEMORANDUM **

Ragav Malhotra, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order summarily affirming without opinion an Immigration Judge's ("IJ") denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. Because the Board in this case summarily affirmed the IJ's order without discussion, we review the IJ's opinion as the final agency determination. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849 (9th Cir.2003). We review for substantial evidence an adverse credibility finding, and will uphold the IJ's decision unless the evidence compels a contrary conclusion. *See Malhi v. INS,* 336 F.3d 989, 992–93 (9th Cir.2003). We deny the petition for review.

Substantial evidence supports the IJ's adverse credibility determination in this case. *See Chebchoub v. INS,* 257 F.3d 1038, 1043 (9th Cir.2001). The IJ's adverse credibility finding rests primarily on the issue of whether Malhotra is a Sikh. Malhotra indicated on his asylum application that his religion is Hindu. Malhotra also indicated on his extended declaration in his asylum application that, "I am of the Hindu faith." Despite having over four months to rectify these statements, Malhotra did not change his religious affiliation to Sikh until the day of the hearing. Because Malhotra seeks asylum based on his affiliation to Sikhism, this issue goes to the heart of his claims of past persecution and fear of future persecution. *See id.* We conclude that the IJ's adverse credibility determination is supported by substantial evidence. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

Because Malhotra failed to establish eligibility for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See id.*

As Malhotra relies on the same evidence, and points to no additional evidence the IJ should have considered regarding the likelihood of torture if returned to

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

India, Malhotra's CAT claim also must fail. *See id.* at 1157.

**PETITION FOR REVIEW DENIED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.